DuBois Area School District, Appellant v.
DuBois Area Education Association,
Appellee.

144

Argued May 9, 1979, before President Judge Bow-MAN and Judges CRUMLISH, JR., MENCER, BLATT, DI-SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*David P. King*, with him *Bari K. Boyer*, Solicitor, for appellant.

*Shelley W. Elovitz*, with him *William A. Hebe*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 31, 1979:

The DuBois Area School District (District) appeals an order of the Common Pleas Court of Clearfield County upholding an arbitrator's award granted to the DuBois Area Education Association (Association) pursuant to the terms of a collective bargaining

agreement under The Public Employe Relations Act of 1970 (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.101—1101.2301.

The facts are undisputed. Consistent with the collective bargaining agreement, the District adopted a calendar for the 1976-77 school year which required the teachers' presence for 180 teaching days and two additional days when students would not be present. Due to severe weather, classes were cancelled for 12 days. The General Assembly responded by providing an amendment to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq., known as the Weather Emergency Bill, Act of June 1, 1977, P.L. 4, 24 P.S. §15-1501.1, which provided in pertinent part:

> (a) For the school year 1976-77 all public ... schools ... shall make every effort to keep open for at least one hundred seventy-seven (177) days of instruction for pupils.... *No employe* of any school closed by reason of the Weather Emergency of 1977 *shall receive more or less compensation* than that to which the employe would otherwise have been entitled to from the school district ... *had the Weather Emergency* of 1977 *not occurred.*
>
> (b) *An employe shall not receive additional salary* for services rendered *on days* ... *rescheduled as* a result of the Weather Emergency of 1977, *unless the number of days rescheduled extends the number of days provided for in the original school calendar;* in which case an employe shall receive a pro-rata increase for such additional days.... (Emphasis in original.)

The District, in response, unilaterally adopted a resolution altering the school calendar to call for 177 teaching days and five non-teaching days. Thus, the

total number of days in the original school calendar remained unaltered at 182 days.

The Association filed a grievance claiming violation of the collective bargaining agreement, arguing that the addition of three non-teaching days required commensurate remuneration. The arbitrator agreed and awarded three additional days' pay resulting in 185 total pay days. Thus, the teachers were paid for 180 teaching days although teaching only 177, and five non-teaching days.

Where the arbitrator's award is not contrary to any legislative enactment, the award must stand. *Leechburg Area School District v. Leechburg Education Association*, 475 Pa. 413, 418, 380 A.2d 1203, 1205 (1977). The legislatively-enacted Weather Emergency Bill expressly provides that an employee shall not receive additional salary for services rendered on days rescheduled unless the number of days rescheduled extends the number of days provided in the original school calendar. This enactment makes no distinction between teaching and non-teaching days, but merely refers to "the number of days provided for in the original school calendar." The number of days provided for in the original school calendar is 182. An award of three additional days' pay without any change in the original school calendar is a blatant violation of the law, and power to vacate the award resides with this Court pursuant to Section 10(d) of the Act of April 25, 1927, P.L. 381, *as amended*, 5 P.S. §170(d).

Accordingly, we

ORDER

AND Now, this 31st day of October, 1979, the order of the Court of Common Pleas of Clearfield County dismissing the arbitrator's award dated October 12, 1977, sustaining the grievance of the DuBois Area Education Association and awarding three additional days' pay is reversed.

Judge DiSalle dissents.

———

Concurring Opinion by Judge Craig:

In joining in this decision, I am compelled to note that our court, in two decisions filed within weeks of each other, has arrived at conflicting interpretations of the Weather Emergency Act of June 1, 1977, P.L. 4 (Act), 24 P.S. §15-1501.1, which supplemented the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

The difference of view focuses upon subsection (b) of Section 1501.1 of the Public School Code, added by the Act, which reads:

> (b) An employe shall not receive additional salary for services rendered on days . . . rescheduled as a result of the Weather Emergency of 1977, *unless the number of days rescheduled extends the number of days provided for in the original school calendar;* in which case, an employe shall receive a prorata increase for such additional days. (Emphasis supplied.)

With respect to the emphasized portion of the subsection, the majority opinion here states:

> This enactment makes no distinction between teaching and non-teaching days, but merely refers to 'the number of days provided for in the original school calendar'.

To the contrary, in *Scranton Federation of Teachers Local 1147 AFT v. Scranton School District,* 45 Pa. Commonwealth Ct. 385, 407 A.2d 61 (1979) the decision turns upon an opposite interpretation, making a definite distinction between teaching and non-teaching days by reading the same language as if it allowed additional salary only where the rescheduling "extends the number of days [of instruction] provided for in the original school calendar," the bracketed phrase

148

being inserted by the majority opinion in *Scranton Federation of Teachers, supra.*

Although we will undoubtedly come to an end of cases arising out of the weather emergency affecting the school year 1976-1977, this court desirably should provide a consistent statutory interpretation for the guidance of school administrations, teachers' representatives and arbitrators.

I support the interpretation expressed by the majority in this case, for the reasons stated in my dissenting opinion in *Scranton Federation of Teachers, supra.*

Judge BLATT joins in this concurring opinion.